LÓPEZ DE VICTORIA, PLAINTIFF AND APPELLANT, v. CALZADA, DEFENDANT AND APPELLEE.

Appeal from the District Court of San Juan, Section 1, in an Action of Ejectment and for Damages.

No. 1718.—Decided May 10, 1918.

EJECTMENT—LIS PENDENS LIEN—SEGREGATION OF PROPERTY.—When a complaint for the recovery of the moiety of a property is recorded in the registry and later the defendant segregates a parcel of six acres therefrom and sells the same, the segregated parcel continues subject to the effect of the lien created on the said moiety although recorded as an independent property; therefore a purchaser is clearly put on notice of the said action by the registry.

The facts are stated in the opinion.

*Messrs. Eugenio Benítez Castaño* and *E. H. F. Dottin* for the appellant.

*Mr. José G. Torres* for the appellee.

Mr. Justice DEL TORO delivered the opinion of the court.

Elías López de Victoria brought suit in the District Court of San Juan, Section 1, to recover a rural property and damages. He alleged in the complaint that he was the

owner of a certain property of six acres of land on which there were several buildings; that he acquired the same by purchase, his title being recorded in the registry of property; that on September 10, 1915, he was dispossessed of the property by the marshal of the district who acted under a writ for the execution of a judgment rendered in a certain action to which the plaintiff was not a party, and that the defendant has received the products of the property, thereby damaging the plaintiff in the sum of $600.

The defendant answered the complaint, alleging that on the date on which the plaintiff claims to have purchased the property the complaint filed by the defendant against José Pagán was already recorded in the registry, and, furthermore, that the plaintiff and his vendor were present when the defendant purchased half of the property from José Pagán and it was delivered to him by the marshal.

Documentary and oral evidence was examined at the trial and the district court finally rendered judgment against the plaintiff, who took the present appeal therefrom.

Both the plaintiff and the defendant have titles of ownership to the property in question; therefore there is a conflict of titles and it devolves upon the court to decide which is the better.

As the result of a certain action Frank Antonsanti and his wife acquired the ownership of a rural property of about ninety acres of land situated in Loíza.

Different parts of the said property were in the possession of various persons who claimed to be the owners of them. Under the judgment the holders had to surrender their possessions and thereupon they undertook to purchase them from Antonsanti. He did not wish to sell except to one only and it was finally agreed that the title should be conveyed to José Pagán.

The evidence is not conflicting as to the part that Pagán purchased for himself and Calzada. Not only was this fact shown clearly in the present action, but it was established in

another in which it was ordered that delivery should be made to Calzada of the part belonging to him according to a certain survey made by an engineer. The conflict in the evidence arises in treating of the rights of López de Victoria. There is evidence which shows that Calzada agreed to the delivery to Ernesto López de Victoria of the six acres referred to and located within the part of the property which belongs to him; and there is evidence to show that although at first Ernesto López de Victoria sought to participate in the purchase, he finally desisted, both he and his son, defendant Elías López de Victoria, being fully cognizant of the contract entered into between Pagán and Calzada. The trial court adjusted the conflict in favor of Calzada, and in our opinion, it was right. Moreover, when Ernesto López de Victoria purchased the six acres from Pagán and when he sold it later to his son Elías, the complaint filed by Calzada to recover the part belonging to him, which, as we have seen, included the said six acres, was already recorded in the registry.

In his brief the appellant assigns ten errors which may be considered in four groups:

1. It is alleged that as the complaint filed by Calzada against Pagán does not appear in the record of the property of six acres acquired by plaintiff Elías López de Victoria, the court erred in holding that notice of Calzada's right was given to said Elías López de Victoria by the registry.

The property which Pagán purchased for himself and for Calzada was recorded in the registry in the name of Pagán.

Pagán refused to comply with his agreement to execute a deed of sale to Calzada for the half of the said property, and Calzada sued him. Calzada's complaint was recorded in the registry on September 30, 1912. At this stage, on December 9, 1912, or after the recording of Calzada's complaint, Pagán segregated from the property the tract of six acres in question and sold it to Ernesto López. The segregated part was made an independent property and as such was

recorded in the registry. Then Ernesto López sold the property of six acres to his son, plaintiff Elías López, who also recorded his title in the registry.

In our opinion it is evident that although the segregated portion was recorded as an independent property, it continued in the registry subject to the results of the entry made in favor of Calzada, and therefore that the trial court did not err in holding that both Ernesto López and his purchaser Elías were clearly put on notice by the registry of the claim of Calzada. See the decision of this court in the case of *G. Martínez & Co.* v. *Roig,* 23 P. R. R. 426.

2. It is also contended that the district court erred in weighing the evidence with regard to the plaintiff's knowledge of Calzada's right from sources outside the registry. We have already said that the evidence was contradictory and that the conflict was correctly adjusted by the trial court in favor of the defendant. To this we have nothing to add.

3. It is maintained that Calzada's title is void because the instrument conveying it was executed by the marshal in the name of Pagán and not in the name of Pagán and his wife, as it should have been, inasmuch as Pagán was married and the property did not belong to him exclusively but to the conjugal partnership composed of himself and his wife.

In the first place, it is not Pagán's wife who raises this question, and, in the second place, considering all the aspects of the case, as was done by the district court, which rendered the judgment under which the marshal executed the deed referred to by the appellant, the conclusion is necessary that Pagán was required to sell to Calzada to comply with a mere formality, but that Calzada purchased and paid for his half of the property at the very moment when Antonsanti made the sale to Pagán. In point of fact, Pagán was merely a nominal owner of the part of the property which belonged to Calzada and which was finally delivered to him by order of the court, this having been understood from the beginning by the mutual agreement of Calzada and Pagán.

4. The other errors referring to the identification of the property and the proof of damages are unimportant in view of the opinion which we have formed of the case as set out herein.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.